UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.N.M.L., <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General of the United States, *et al.*, <br><br> Respondents. | Case No. 19-cv-01980-BAS-BGS <br><br> **ORDER DISMISSING ACTION AS MOOT** |

Petitioner ANML, a minor child, filed this Petition for Writ of Habeas Corpus against various government officials seeking release from immigration custody.[1] (ECF No. 1.) Shortly thereafter, the Government released ANML. The parties then briefed whether there are any issues remaining for the Court to resolve. Having considered the parties' arguments, the Court concludes this action is moot and dismisses it without prejudice for the following reasons.

---

[1] The Court substitutes Attorney General Merrick B. Garland and Secretary of Homeland Security Alejandro Mayorkas in place of the former officials. *See* Fed. R. Civ. P. 25(d)(1).

## I. BACKGROUND

### A. ANML's Detention and Claims

Petitioner ANML filed a Verified Emergency Petition for Writ of Habeas Corpus against the Attorney General, the Secretary of Homeland Security, and several other government officials. (Pet., ECF No. 1.) ANML alleged she was being unlawfully detained by Customs and Border Protection ("CBP") at a facility in San Diego County. (*Id.* ¶ 9.)

When the Petition was filed, ANML was nine years old. (Pet. ¶ 25.) She alleges she fled her home country of El Salvador with her mother to seek asylum in the United States. (*Id.* ¶ 26.) On May 7, 2019, after ANML and her mother crossed the U.S./Mexico border without inspection, CBP officials apprehended them in San Ysidro, California. (*Id.* ¶¶ 27–28.) On May 11, 2019, after processing, the Government issued them a Form I-862 Notice to Appear on July 29, 2019. (*Id.* ¶ 29.) CBP officers then sent ANML and her mother to Tijuana, Mexico, pursuant to the Migrant Protection Protocols. (*Id.*) They remained in Mexico until being paroled into the United States for their July 2019 appearance in Immigration Court. (*Id.*) The Government later served ANML and her mother with a Notice of Hearing in Removal Proceedings, directing them to appear on September 11, 2019. (*Id.* ¶ 31.) Upon appearing on that date, ANML and her mother were directed to next appear for a master calendar hearing on October 4, 2019. (*Id.* ¶ 33.)

Before the master calendar hearing, ANML and her mother filed a motion to change the venue of their removal proceedings from San Diego, California, to Baltimore, Maryland. (Pet. ¶ 34.) There, immigration proceedings were underway for ANML's mother's other daughter, who had retained an attorney who agreed to also represent ANML and her mother in their asylum cases. (*Id.*) At the master calendar hearing, the Immigration Judge advised the parties that he would not resolve the venue motion until October 24, 2019. (*Id.* ¶ 35.)

Following the October 4, 2019, master calendar hearing, ANML and her mother were placed into CBP custody. (Pet. ¶ 35.) ANML filed this action eight days later on

Saturday, October 12, 2019. ANML alleged she and her mother had been wrongfully detained, denied access to their legal counsel, and questioned and forced to sign legal documents. (*Id.* ¶¶ 7, 36–39.) She also alleged they had serious medical conditions that required immediate attention. (*Id.* ¶ 39.) Based on these allegations, ANML brought claims for violation of the *Flores* Settlement Agreement that concerns the detention of minor children in immigration custody, violation of the Administrative Procedure Act, violation of the Due Process Clause, declaratory relief, and a writ of habus corpus. (*Id.* ¶¶ 49–81.) She sought relief consisting of a writ "directing Respondents to release Petitioner within 24 hours," a declaration that her detention violated the law, and an award of "costs and expenses under the Equal Access to Justice Act ('EAJA')." (*Id.* ¶ 82.)

### B. The Government's "Appearance" and ANML's Release

On October 18, 2019, the Government filed a "Notice of 'Appearance'." (ECF No. 6.) It requested notice of any case filings but asserted that its "appearance" was not "a waiver of any defense or objection, including but not limited to personal jurisdiction, sufficient process, . . . and proper venue." (*Id.*)

The same day, the Government followed up with another notice—a "Notice of Release of Petitioner from Custody." (ECF No. 7.) The Government stated:

> On Monday, October 14, 2019 (a federal holiday), [the Department of Homeland Security] released Petitioner (and her mother) from custody and transferred docket control of their case to Baltimore, Maryland. This case was therefore rendered moot on October 14, 2019. Petitioner has received the relief she was seeking. "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

(*Id.*)

ANML responded with a "Notice of Unadjudicated, Unresolved Issues Before the Court." (ECF No. 8.) She argued the Court still needs to resolve her request for declaratory relief, as well as her demand for costs and expenses under EAJA. (*Id.*) The Court ordered the parties to brief the issues ANML raised, and they have. (ECF Nos. 9, 12; *see also* Pet.'s

Suppl. Br., ECF No. 10; Gov.'s Suppl. Br., ECF No. 11; Pet.'s Reply Suppl. Br., ECF No. 13.)

## II. ANALYSIS

An action becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "For a habeas petition to continue to present a live controversy after the petitioner's release . . . , there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Collateral consequences "create concrete legal disadvantages." *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1125 (9th Cir. 2003). "[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064.

The Government contends ANML's release from custody moots her habeas petition and the exceptions to mootness do not apply. (Gov.'s Suppl. Br. 4:17–5:24.) The Court agrees. Because ANML has been released, the "successful resolution of [her] pending claims could no longer provide the requested relief." *See Abdala*, 488 F.3d at 1065. Consequently, this action is moot. *See id.*; *see also Alam v. Carter*, 843 F. App'x 953 (9th Cir. 2021) (holding immigration detainee's release from custody mooted habeas petition); *Corral v. Barr*, 776 F. App'x 953, 954 (9th Cir. 2019) (same).

Moreover, ANML's request for declaratory relief is likewise moot. *See Urdaneta v. Keeton*, No. CV-20-00654-PHX-SPL (JFM), 2020 WL 2319980, at *8 (D. Ariz. May 11, 2020) (concluding that for those petitioners who had been released from custody, their claims for habeas and declaratory relief were moot); *see also Alawad v. Figueroa*, No. 3:16-cv-2227-JAH-BLM, 2021 WL 1195789, at *3 (S.D. Cal. Mar. 30, 2021) (finding the petitioner's release from custody mooted his habeas petition and due process challenge); *cf. Rhodes v. Stewart*, 488 U.S. 1, 3 (1988) (holding the case was moot before declaratory relief was issued in light of one plaintiff being released from custody and the other plaintiff passing away).

  In the same vein, ANML's request for EAJA fees does not insert a live controversy into her underlying action. And her request lacks merit. Fees under EAJA are available to a litigant who prevails, but "[t]o receive what one sought is not enough to prevail: the court must require one's opponent to give it." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1031 (9th Cir. 2009); *see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 610 (2001) (rejecting the "catalyst theory" under which a plaintiff is considered a "prevailing party" if the lawsuit brought about a voluntary change in the defendant's behavior). Here, unlike comparable cases, there was no court action before the Government released ANML from custody. *Cf. Aguirre-Urbina v. Wilcox*, No. C18-1743 TSZ, 2019 WL 6498098, at *2 (W.D. Wash. Dec. 3, 2019) (finding the petitioner was a prevailing party for EAJA fees where the court issued an order to show cause stating that it was going to order the petitioner to be released from custody unless a new bond hearing demonstrated he was a danger to the community); *see also Primero Garcia v. Barr*, 484 F. Supp. 3d 750, 754–55 (N.D. Cal. 2020) (reasoning the petitioner was a prevailing party because he obtained a partial victory in the form of a court-ordered bond hearing). Hence, fees under EAJA would not be appropriate.

  ANML's arguments do not convince the Court otherwise. ANML contends her requests for declaratory relief and an award of costs constitute collateral consequences that save her action from being moot. (Pet.'s Suppl. Br. 15:21–24.) Yet, these items are not consequences that "create concrete legal disadvantages" for ANML. *See Zegarra-Gomez*, 314 F.3d at 1125–27 (concluding petitioner suffered collateral consequences after removal because his aggravated felony conviction barred him from seeking cancellation of removal for twenty years—a consequence that his petition may have cured). Because ANML does not identify concrete legal disadvantages arising from her past detention, she does not show collateral consequences that would save her action from the mootness doctrine. *See Abdala*, 488 F.3d at 1064.

  Alternatively, ANML argues this case fits into the voluntary cessation exception to mootness. (Pet.'s Suppl. Br. 15:24–16:13.) "The voluntary cessation exception applies

when (1) there is a voluntary cessation of the allegedly illegal activity; (2) the cessation arises because of the litigation; and (3) there is a reasonable expectation that the alleged wrong will be repeated." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 190 (2000).  The Court is not convinced that there is a reasonable expectation that the alleged wrong will be repeated.  ANML was released in late 2019, her immigration matter was transferred to Baltimore, and she is no longer under the Migrant Protection Protocols that purportedly led to her detainment.  Hence, the voluntary cessation exception does not apply.

In sum, ANML brought this action seeking release from immigration custody.  The Government released her before the Court had the opportunity to address any of ANML's claims.  ANML's action no longer presents a live controversy in light of her release.  Therefore, the Court must dismiss it as moot.  *See Abdala*, 488 F.3d at 1064.

### III.   CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** ANML's Verified Emergency Petition for Writ of Habeas Corpus (ECF No. 1).  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

**DATED: May 7, 2021**

Hon. Cynthia Bashant
United States District Judge